IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARVIS LAMAR DENNIS, #292373, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:16-CV-438-WHA |
| | ) (WO) |
| JOSEPH HEADLEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. # 15) and Petitioner Karvis Lamar Dennis's objections thereto (Doc. # 16). Upon a *de novo* review of the record and consideration of the Recommendation and the objections to the Recommendation, the court finds the objections to be without merit and due to be overruled.

Petitioner Dennis was convicted of murder. He argued self-defense at trial. He raised three claims for § 2254 relief. First, Dennis argued that his right to a fair trial before an impartial jury was violated when the trial court refused to grant a mistrial after an emotional outburst by a spectator in the courtroom gallery during testimony by the victim's mother. Second, Dennis argued that his Sixth and Fourteenth Amendment rights were violated when the trial court refused to grant a new trial after learning a juror failed to disclose during voir dire that she was familiar with the area and people where the crime occurred, and that the juror felt a "connection" with the deceased and was influenced by the spectator outburst in the gallery. Finally, Dennis argued that his equal protection rights

were violated because the court records did not include a transcript of the spectator outburst.

In his Recommendation, the Magistrate Judge found that habeas relief was not warranted on Dennis's claims regarding (1) the spectator outburst and (2) the juror's alleged misrepresentations during voir dire, because the state court adjudications of the claims were not contrary to or unreasonable applications of United States Supreme Court precedent and the state court factual findings regarding the claims were not unreasonable in light of the evidence presented in the state court proceeding. *See* Doc. # 15 at 11–18. This court concurs with the Magistrate Judge's reasoning in denying relief on these claims and finds that Dennis's objections are not responsive to the Magistrate Judge's reasoning and conclusions.

The Magistrate Judge found that Dennis's claim regarding the lack of a transcript of the spectator outburst was procedurally defaulted for purposes of federal habeas review because it was not properly exhausted in the state courts, and Dennis demonstrated no basis for excusing the default to allow this court to review the claim. Doc. # 15 at 4–8. In finding that Dennis did not properly exhaust this claim, the Magistrate Judge noted that while Dennis presented the claim in a petition for writ of certiorari with the Alabama Supreme Court during direct review, Dennis did not raise the claim until he filed his petition for writ of certiorari. Doc. # 15 at 6. Therefore, the Magistrate Judge reasoned, the Alabama Supreme Court's denial of Dennis's petition for writ of certiorari did not

constitute a review of the merits of the claim, and the claim did not undergo a complete round of the State's established appellate review process. Because various state procedural reviews would bar Dennis from returning to state court to exhaust the claim, the claim was procedurally defaulted. *See* Doc. # 15 at 6–7.

Dennis asserted no grounds as cause excusing his procedural default, and he made only conclusory statements that this court's failure to review his procedurally defaulted claim would result in a miscarriage of justice. The Magistrate Judge found that Dennis's conclusory statements were insufficient to meet the standard for actual innocence in *Schlup v. Delo*, 513 U.S. 298 (1995), to which the miscarriage of justice standard is directly linked and which requires a habeas petitioner to show newly discovered, reliable evidence not presented at trial making it "more likely than not that no reasonable juror [hearing such evidence] would have convicted [the petitioner]." *Schlup*, 513 U.S. at 321, 324 & 327–28. Doc. # 15 at 8. In his objections, to support his claim of actual innocence, Dennis argues that the State failed to present the element of intent necessary to support a murder conviction. Doc. # 16 at 3–4. Such an argument, however, goes to the sufficiency of the State's evidence, and allegations going to the sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding a petitioner's actual innocence. *See Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir.

2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

This court agrees with the Magistrate Judge's conclusions that Dennis's claim regarding the lack of a transcript of the spectator outburst was procedurally defaulted and that Dennis failed to satisfy *Schlup*'s difficult standard for actual innocence to excuse the default. Therefore, the court finds that the Magistrate Judge correctly determined that Dennis's claim regarding the record cannot be reviewed.

Accordingly, it is ORDERED as follows:

(1) Dennis's objections (Doc. # 16) are OVERRULED.

(2) The Magistrate Judge's Recommendation (Doc. # 15) is ADOPTED.

(3) Dennis's petition for writ of habeas corpus (Doc. # 1) is DENIED and this action is DISMISSED WITH PREJUDICE.

A separate final judgment will be entered.

DONE this 7th day of December, 2018.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE